FILED
SUPERIOR COURT
...
... 16   ... 1:43

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

SONG JA CHA,

Defendant.

) Case No. CF0020-08
)
)
)
)
) **DECISION AND ORDER**
) **(Defendant's Motion to Dismiss**
) **Indictment)**
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 8, 2012, for Defendant's Motion to Dismiss Indictment. Assistant Attorney General Nelson J. Werner appeared on behalf of the People of Guam ("the People"). Attorney F. Randall Cunliffe represented Song Ja Cha ("Defendant"). The Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING Defendant's Motion to Dismiss Indictment.

## BACKGROUND

On January 22, 2008, Defendant was indicted by a Grand Jury in the Superior Court of Guam in CF0020-08. The indictment charged the following: (1) Compelling Prostitution (as a 3rd Degree Felony) (2 counts) (2) Promoting Prostitution (as a 3rd Degree Felony) (3) Promoting

People v. Song Ja Cha (CF0020-08)
Motion to Dismiss Inidictment

Prostitution (as a 3rd Degree Felony) (7 counts) (4) Aggravated Assault (as a 3rd Degree Felony) (2 counts) (5) Assault (as a Misdemeanor) and (6) Felonious Restraint (as a 3rd Degree Felony) (7 counts). Indictment (Jan. 22, 2008).

During the pendency of the instant case, federal charges were also filed against Defendant in the District Court of Guam. Defendant was charged with the following: Conspiracy (Count I); Sex Trafficking (Counts II trough X); Coercion & Enticement For Purpose of Prostitution (Counts XI through XX) and Forfeiture Allegation (Count XXI). U.S. Dist. Ct. of Guam Superseding Indictment (Jul. 23, 2008). Defendant was subsequently convicted on counts 1 through 20 in the District Court of Guam. U.S. Dist. Ct. of Guam Judgment in Criminal Case (Sept. 24, 2012)

On August 1, 2011, at the request of the People, the following charges against Defendant were dismissed by this Court *without prejudice*: 2 Counts of Compelling Prostitution (as a 3rd Degree Felony), in the First Charge of the Indictment; Promoting Prostitution (as a 3rd Degree Felony), in the Second Charge; and Seven Counts of Promoting Prostitution (as a 3rd Degree Felony), in the Third Charge. Mot. & Order to Dismiss Without Prejudice (Aug. 3, 2011).

On September 27, 2012, this Court issued its scheduling order, setting jury selection and trial for November 21, 2012 at 1:30 p.m., and ordering that all motions be filed by October 12, 2012. Scheduling Order (Sept. 27, 2012). On October 11, 2012, Defendant filed a Motion to Dismiss Indictment. The People filed their response to Defendant's Motion to Dismiss on October 19, 2012. The Court heard the matter on November 8, 2012, took it under advisement, and now issues this Decision and Order.

///

## DISCUSSION

Defendant moves the Court to dismiss the Indictment arguing that the Court is barred from proceeding with trial in this matter pursuant to 9 GCA § 1.28 (a). Def's. Memo of Law in Support of Mot. to Dismiss Indictment (Oct. 11, 2012). Defendant contends that this case should be dismissed because she was "previously charged and tried in the District Court of Guam for Conspiracy to Commit Sex Trafficking, Sex Trafficking and Foreign Transportation for Prostitution based upon the same conduct for which she is charged in this case." *Id.* The People oppose Defendant's motion and argue that the elements of the federal and Guam charges are not identical, inter alia. People's Response to Def's. Mot. to Dismiss (Oct. 19, 2012).

The Court recognizes that "[t]he Bill of Rights of the Organic Act of Guam provides that '[n]o person shall be subject for the same offense to be twice put in jeopardy of punishment....' 48 U.S.C. § 1421b(d) (West 2008). Section 1421b(u) of the Organic Act of Guam similarly extends the Fifth Amendment's Double Jeopardy Clause to Guam. 48 U.S.C. § 1421b(u) (West 2008). The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple criminal punishments for the same offense." *People v. Torres*, 2008 Guam 26 ¶ 16. Since Defendant was convicted in the District Court of Guam, the second reasoning is most applicable. The issue now before this Court is whether Defendant's local charge is considered a second prosecution for the same offense after conviction in federal court. Guam law more specifically provides when there is a bar to prosecution relative to concurrent jurisdiction:

> When conduct constitutes an offense within the concurrent jurisdiction of this Territory and of the United States or any state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Territory under the following circumstances:
> (a) the first prosecution resulted in an acquittal or in a conviction as defined in § 1.24 and the subsequent prosecution is based on the same conduct, unless (1) the

People v. Song Ja Cha (CF0020-08)
Motion to Dismiss Inidictment

offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil or (2) the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted or (3) the second offense was not consummated when the former trial began;

9 GCA § 1.28 (a) (2005).

The People do not dispute that the above statute, 9 GCA § 1.28 (a), is applicable to the instant case. People's Response to Def's. Mot. to Dismiss at 2 (Oct. 19, 2012). However, the People only address the current charges against Defendant since they previously dismissed the counts of Compelling Prostitution and Promoting Prostitution. The remaining charges against the Defendant are: (1) Aggravated Assault (as a 3rd Degree Felony) (2 counts) (2) Felonious Restraint (as a 3rd Degree Felony) (7 counts) and (3) Assault (as a Misdemeanor). Indictment (Jan. 22, 2008).

**Elements of Crimes as Charged in the Indictment**

"For Aggravated Assault, the People must prove that the [D]efendant (1) recklessly caused or attempted to cause (2) serious bodily injury to another. See 9 GCA § 19.20 (a)(2). For Felonious Restraint, the elements are that the [D]efendant (1) knowingly (2) holds another in a condition of involuntary servitude. See 9 GCA §§ 22.30(b) and 4.60. [Lastly,] [t]he elements of misdemeanor Assault are that the [D]efendant (1) recklessly caused or attempted to cause (2) bodily injury to another. See 9 GCA §§19.30(a)(1) and (e)." People's Response to Def's. Mot. to Dismiss at 2 (Oct. 19, 2012).

Defendant was convicted in the District Court of Guam of the following: Conspiracy (Count I); Sex Trafficking (Counts II trough X); and Coercion & Enticement For Purpose of Prostitution (Counts XI through XX). With respect to the Conspiracy charge, a substantive

crime and a conspiracy to commit that crime are not the "same offense" for the purposes of a double jeopardy claim, even if based on the same incidents: The essence of the charge of conspiracy is an *agreement* to commit a crime, hence the two prosecutions do not involve the same conduct. *United States v. Felix*, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). In review of the federal charges, the Court agrees with the People that those charges Defendant was convicted of do not allege bodily injury or involuntary servitude. These elements are essential in the instant case relative to the charge of Aggravated Assault and Felonious Restraint. The federal charges also require that the Defendant's conduct affects interstate or foreign commerce. There is no parallel requirement for the remaining charges in this Court. The Court also notes that most of the charges in the District Court of Guam arise under Title 18 of the United States Code, other than the Compelling Prostitution statute provided for in 9 GCA § 28.30. Neither of these statutory schemes cite directly to the remaining charges in the instant case.

Defendant also argues that "successive prosecutions by federal and territorial courts are impermissible because such courts are 'creations emanating from the same sovereignty.'" *United States v. Wheeler*, 435 U.S. 313, 318 (1978). The Court also recognizes that successive prosecutions based on the same conduct are constitutional if brought by separate sovereigns, i.e. the state and federal governments. *United States v. Koon*, 34 F.3d 1416, 1438 (9th Cir.1994) (citing *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985)); *see also United States v. Guy*, 903 F.2d 1240, 1242 (9th Cir.1990). To that end, the Ninth Circuit Court opined in U.S. v. Sablan, a case originating from this Territory, that the factual issues underlying federal charges are the same factual issues that formed the basis of [Defendant's] prior guilty plea and conviction in territorial court. However, collateral estoppel does not preclude

subsequent criminal prosecutions involving facts and issues previously litigated or admitted. Rather, in criminal prosecutions, collateral estoppel only works to bar the government from asserting facts or issues that are inconsistent with any determinations made in a previous action between the same parties. *U.S. v. Sablan*, 302 Fed.Appx. 735, 737 C.A.9(Guam) 2008.

With different charges filed against the Defendant in the case at bar in comparison to the Judgment entered in the District Court of Guam, this Court does not find that jeopardy has previously attached. In view of this, there is no violation of 9 GCA § 1.28 (a) since the charges are different. The remaining charges in the Indictment against Defendant stand.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Indictment. Jury selection is still set for November 21, 2012 at 1:30 p.m. on the remaining charges of (1) Aggravated Assault (as a 3rd Degree Felony) (2 counts) (2) Felonious Restraint (as a 3rd Degree Felony) (7 counts) and (3) Assault (as a Misdemeanor).

**SO ORDERED** this ⟨16⟩ day of NOVEMBER, 2012.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam



People v. Song Ja Cha (CF0020-08)
Motion to Dismiss Inidictment